By The Court. Bosworth, J.
In this action the plaintiff could recover against both defendants upon the note, although he might fail to establish a right to have a bond and mortgage executed and delivered to him, as prayed for by the complaint. (Marquat v. Marquat, 2 Kern. 336.)
He could not, on the default of Palmer to answer, take a several judgment against him for the amount due on the note, and then proceed and litigate with Moultrie the right to recover a judgment for the same debt against him.
A several judgment against one of several defendants, before a trial of the action against the others, is only proper when, according to the cause of action stated in the complaint, the liability of the defendants is several. (Code, § 136, subs. 2 and 3.)
The plaintiff having received a notice of the appearance of the defendant Palmer, it was unnecessary to serve the summons on him. (Code, § 139; Rule 7 of the Supreme Court; Mahaney v. Penman, 4 Duer, 605, and note to p. 606.)
Moultrie, by whom the notice of appearance as attorney for Palmer, as well as for himself, was given, cannot complain that the plaintiff "relied and acted upon it as an authorized notice, nor to his being relieved from any proceedings that have been *632 taken in consequence of it, and which, have become nugatory, by reason of -Moultrie’s being allowed to correct his notice so as to convert it into a notice of appearance for himself alone, and to have other subsequent proceedings amended, so as to show by the record that Palmer has not been served with the summons nor appeared on the action.
If all 'the allegations of the complaint are true, the plaintiff has a right to have the bond and mortgage, which were executed, assigned to him by Palmer, or, in lieu of it, a bond and mortgage executed directly to him by Moultrie, and the joint note'of the two for $200, or a judgment against both for $1,000, if the $200 .tendered by the plaintiff shall not be required to be paid or advanced by him to the defendants. '
Viewing the defendants as alleged joint debtors, although the plaintiff might proceed upon a service made on one only, and take such a judgment as is authorized by the Code (§ 136, sub. 1), yet he is not obliged to do so. He has the right, by suing all the defendants, to have the whole litigation determined by a single trial.
And when he has been misled, by the service upon him of - a notice of appearance of the defendant not served, and that notice has been given by the defendant who was served, as attorney for the other defendant, the one giving- the notice cannot complain that the plaintiff is relieved from proceedings had on the faith that the notice so given was authorized and legal, and which would be valid if such notice was authorized, but are invalid, or may be avoided, if it was unauthorized.
But, the fact that Moultrie had no right to give the notice, does not entitle the plaintiff to any relief, except from proceedings which have become nugatory merely because such notice was unauthorized. As the plaintiff was defeated on the merits, no other results have occurred than would have happened, if the notice had been authorized and still appeared of record as. a subsisting and valid proceeding.
If the plaintiff, on the proofs made, was entitled to a judgment against both defendants, either for the money lent, ■ or for any part of it, or to' the further judgment that Moultrie execute the bond and mortgage, or to the latter relief, and to that only, the judgment was erroneous:
*633 If it is not erroneous he should not be relieved from the judgment, and be allowed a new trial, except for cause and on terms. He has had a trial on the merits, and the decision on that could not be affected by the fact, that Palmer had, or had not appeared. The trial proceeded as if he had appeared—and upon all the evidence given, the Court decided, that the plaintiff was not entitled to any relief.
If there was no error in that decision, the judgment would be affirmed on appeal. But although free from error, and although it would be affirmed on appeal, the order of the 24th of October, 1857, allows the plaintiff to abandon his appeal, and have a new trial, without payment of the costs of the trial or of the appeal.
This has been allowed, as far as we can see, because Moultrie served notice, by mistake of his clerk, that he appeared for Palmer. This fact could not have varied the legal effect of the evidence given on the trial.
Nor can we see that the plaintiff can lose, or be deprived of the right to have the judgment reversed on any ground which would be error, if such notice had been authorized; by reason of an amendment of the record, so that it will show that Palmer was neither served with the summons nor appeared in the action.
So if the judgment shall be held to be erroneous, and a new trial shall be granted, the plaintiff can serve Palmer with the summons, before proceeding to trial, and obtain a personal judgment against him, as well as against Moultrie.
If no error was committed for which the judgment should be reversed, there should not be a new trial.
All of the order subsequent to that part of it which directs, “that the said recital in the amended judgments be stricken out,” is erroneous and must be reversed. An order to that effect will be entered.